UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**NATIONWIDE JUDGMENT RECOVERY, INC.,**

    Plaintiff,

v.                                      Case No: 5:21-mc-22-JSM-PRL

**TODD DISNER, et al.,**

    Defendants.
_____

**ORDER**

This matter is before the Court on the motions of Nationwide Judgment Recovery, Inc. as assignee of Plaintiff Matthew E. Orso, in his capacity as court-appointed successor receiver for Rex Venture Group, LLC ("Plaintiff") for issuance of writs of garnishment as to Bank of America, N.A., and JP Morgan Chase Bank, N.A. (Docs. 21 & 22). On August 14, 2017, Plaintiff obtained a judgment in the United States District Court for the Western District of North Carolina against each member of a Defendant class, including Defendant Nara Mattos in the amount of $4,932.07. (Doc. 17-3).

On September 17, 2021, Plaintiff registered the judgment with this Court. (Doc. 1). The judgment remains unsatisfied. Now, Plaintiff moves for the writs of garnishment and suggests that the Garnishees may have in their possession and control certain monies or property belonging to Defendant sufficient to satisfy the judgment in whole or in part. Pursuant to Fed. R. Civ. P. 69, the Court must follow state law regarding garnishment procedures. *See* Fed. R. Civ. P. 69. Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment.

- 2 -

Accordingly, upon due consideration, Plaintiff's motions for issuance of writ of garnishment (Docs. 21 & 22) are **GRANTED**, and the Clerk is directed to issue the Writs of Garnishment (including the Notice and Claim of Exemption) attached to the motions. Plaintiff must fully comply with all notice requirements of §77.041, Florida Statutes.

**DONE** and **ORDERED** in Ocala, Florida on April 2, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties